UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YVONNE BANKS<br>1234 13th Street, SW, Apt. 1<br>Washington, DC 20032 | * <br> * <br> * | COMPLAINT FOR DAMAGES |
| Plaintiff, | * | |
| v. | * | Case No.: 20-1463 |
| THE UNITED STATES<br>OF AMERICA | * <br> * | |
| Defendant. | * <br> * | |
| Serve on:<br>William P. Barr, Esq.<br>United States Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | * <br> * <br> * | |
| Serve on:<br>Karl Rancine, Esq.<br>Attorney General for the<br>District of Columbia<br>441 4th Street, NW<br>Washington, DC 20001 | * <br> * <br> * | |

## COMPLAINT

Plaintiff, Yvonne Banks, by and through her attorneys, Gina Smith and Meyers, Rodbell & Rosenbaum, P.A., and files her Complaint against the Defendant United States of America for medical negligence, and in support thereof states the following:

## Parties

1.  Plaintiff Yvonne Banks, is a resident of Washington, D.C. and received medical and gynecological care from Unity Health Care, Inc., (hereinafter referred to as "Unity Health"), a federally supported health center located at 1500 Galen Street SE, Washington, DC 20020-4913.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

2. Defendant United States of America (hereinafter referred to as "USA") is the governmental body responsible for the acts and omissions of agents and/or employees of Unity Health. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, USA is a proper defendant in this action. Yvonne Banks, pursuant to the requirements of FTCA, filed her Form 95, Claim for Damage and Injury, and provided said Form to the Department of Health and Human Services on April 11, 2019, requesting ten million dollars ($10,000,000.00). To date, the agency has not responded to Plaintiff's administrative claim, resulting in this lawsuit being filed. Accordingly, all administrative remedies have been exhausted. Thus, Yvonne Banks has met the prerequisite for filing suit for damages against Defendant USA under the FTCA.

3. At all times relevant, Amy Morgan, D.O. was a health care provider providing health related services to the general public in the District of Columbia.

4. At all times relevant, Amanda Bradley-Johnson, NP was a health care provider providing health related services to the general public in the District of Columbia.

5. At all times relevant, Elizabeth Gates, M.D. was a health care provider providing health related services to the general public in the District of Columbia.

6. At all times relevant, Irelene Keller-Hinkson, M.D. was a health care provider providing health related services to the general public in the District of Columbia.

7. At all times relevant, Ayana M. Elliott, NP was a health care provider providing health related services to the general public in the District of Columbia.

8. At all times relevant, Anne Squires, FNP was a health care provider providing health related services to the general public in the District of Columbia.

9. At all times relevant, Johan Lundebye, MD was a health care provider providing health related services to the general public in the District of Columbia.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

10. At all times relevant, Stephanie Schroeter NP was a health care provider providing health related services to the general public in the District of Columbia.

11. At all times relevant, Malcolm Cook, NP was a health care provider providing health related services to the general public in the District of Columbia.

12. At all times relevant, Tracey Henry, M.D. was a health care provider providing health related services to the general public in the District of Columbia.

13. At all times relevant, Anne Walker, M.D. was a health care provider providing health related services to the general public in the District of Columbia.

14. At all times relevant, Christina Allen, NP was a health care provider providing health related services to the general public in the District of Columbia.

15. At all times relevant, Brandi C. Jones, D.O. was a health care provider providing health related services to the general public in the District of Columbia.

16. The medical care rendered to Ms. Banks by the medical personnel at Unity Health, including but not limited to the health care providers listed above was provided by employees of the United States of America acting within the scope of their employment.

## Jurisdiction and Venue

17. Personal jurisdiction exists over Defendant because Defendant transacts business in Washington, D.C., caused tortious injury in the course of doing business in Washington, D.C., and Unity Health is located in Washington, D.C.

18. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1346(b) and 2671 et seq., because this case involves claims against Defendant USA for money damages as a result of personal injury and damages caused by the negligent or wrongful acts of agents and/or employees of Defendant USA while acting within the scope of their employment.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{427247.DOCX}　　　　3

19. Venue is proper in this district as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

**Factual Allegations**

20. At all times relevant hereto, Unity Health held itself out as being a full-service medical practice able to provide proper medical, diagnostic and other medical services necessary to properly evaluate, diagnose and treat patients such as Yvonne Banks.

21. At all times relevant hereto, Unity Health was owned and operated by Defendant.

22. If the Defendant were a private person, it would be liable to the Plaintiff in accordance with the laws of the District of Columbia.

23. Defendant, acting through its agents and/or employees, including but not limited to Unity Health, Amy Morgan, D.O., Amanda Bradley Johnson, NP, Elizabeth Gates, M.D., Irelene Keller-Hinkson, M.D., Anne Squires, FNP, Malcolm Cook, NP, Ayana M. Elliott, NP, Johan Lundebye, M.D., Tracey Henry, M.D., Christina L. Allen, NP, Brandi C. Jones, D.O. and April Walker, M.D. had a duty to provide reasonable and appropriate medical care to Yvonne Banks in accordance with the applicable standard of care.

24. On or around February 3, 2012, Yvonne Banks was a patient at Unity Health and presented there for a wellness visit and routine gynecological examination with Stephanie Schroeter, NP ("Ms. Schroeter"). During this visit, a Pap smear was performed which was normal.[1]

25. On March 29, 2014 and April 9, 2014, Health Care Provider Amy K. Morgan, D.O. ("Dr. Morgan") cared for Ms. Banks at Unity Health, who complained of vaginal bleeding since January 25, 2014. According to Ms. Banks' medical records and as mentioned above, she had not

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

---

[1] Ms. Banks was also seen by health care providers at Unity Health multiple times throughout the calendar years of 2012 and 2013, as was receiving Depo Provera injections and was being seen for other medical and gynecological needs at this time.

{427247.DOCX}  4

had a Pap smear since the calendar year 2012. Despite Ms. Banks' report of vaginal bleeding since January 25th, and the fact that a Pap smear had not been performed since February 3, 2012, Dr. Morgan did not order a Pap smear on March 29, 2014 or April 9, 2014 to investigate the cause of her vaginal bleeding.

26. On May 8, 2014 Ayana M. Elliott, NP ("Ms. Elliott") cared for Ms. Banks, and she had previously advised providers at Unity Health Care Clinic of complaints regarding vaginal bleeding. While a Pap smear had been performed during the calendar year of 2012, and should be done on an annual basis, the same was not ordered by Ms. Elliott or performed at any time during either of these visits.

27. On May 24, 2014, Johan Lundebye, M.D. ("Dr. Lundebye") cared for Ms. Banks, and she had previously advised providers at Unity Health Care of complaints regarding vaginal bleeding. While a Pap smear had been performed in February of 2012, and should be done on an annual basis, the same was not ordered by Dr. Lundebye or performed at any time during this visit.

28. On June 24, 2014, Amanda Bradley Johnson, NP ("Ms. Bradley Johnson") cared for Ms. Banks, and she had previously advised providers at Unity Health of complaints regarding vaginal bleeding. While a Pap smear had been performed in February of 2012, and should be done on an annual basis, the same was not ordered by Ms. Bradley Johnson or performed at any time during this visit.

29. On August 7, 2014, Elizabeth Gates, M.D. ("Dr. Gates") cared for Ms. Banks, and she had previously advised providers at Unity Health of complaints regarding vaginal bleeding. While a Pap smear had been performed in February of 2012, and should be done on a yearly basis, the same was not ordered by Dr. Gates or performed at any time during this visit.

30. On November 17, 2014, Irelene Keller-Hinkson, M.D. ("Dr. Keller-Hinkson") cared for Ms. Banks, and she had previously advised providers at Unity Health of complaints

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

regarding vaginal bleeding. While a Pap smear had been performed in 2012, and should be done on an annual basis, the same was not ordered by Dr. Keller-Hinkson or performed at any time during this visit.

31.     On November 20, 2014, Anne Squires, FNP ("Ms. Squires") cared for Ms. Banks, and she had previously advised providers at Unity Health of complaints regarding vaginal bleeding. While a Pap smear had been performed during the calendar year of 2012, and should be done on an annual basis, the same was not ordered by Ms. Squires or performed at any time during this visit.

32.     On December 2, 2014, Stephanie Schroeter, NP ("Ms. Schroeter") cared for Ms. Banks, and she had previously advised at Unity Health Care Clinic of complaints regarding vaginal bleeding. While a Pap smear had been performed in February of 2012, and should be done on a yearly basis, the same was not ordered by Ms. Schroeter or performed at any time during this visit.

33.     On April 20, 2015, Ms. Banks presented to Unity Health for a well woman examination with Malcolm Cook, NP ("Mr. Cook"). During this visit, a Pap smear was performed and Ms. Banks was instructed to follow up in one (1) year. According to the pathology report, Ms. Banks' Pap smear results were normal, although the pathologist noted that no endocervical cells were identified or present in the sample tissue.

34.     On May 23, 2015, Tracey Henry, M.D. ("Dr. Henry") cared for Ms. Banks, and as mentioned above, she had previously advised providers at Unity Health of complaints regarding vaginal bleeding. While a Pap smear had been performed on April 20, 2015, Dr. Henry failed to order and/or perform a repeat Pap examination at this appointment, and was obligated to do so, in light of the patient's continuing vaginal complaints and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20th.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

35. On September 23, 2015, Ms. Banks was seen once again by Ms. Schroeter at Unity Health, whom she had previously advised regarding her complaints of abnormal vaginal bleeding in December of 2014. This same complaint was voiced to Ms. Schroeter at this visit. While a Pap smear had been performed on April 20, 2015, Ms. Schroeter failed to order and/or perform a repeat Pap examination at this appointment, and was obligated to do so, in light of the patient's continuing complaints of vaginal bleeding and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20th.

36. On October 26, 2015, Ms. Banks was seen once again by Mr. Cook at Unity Health with complaints of irregular bleeding. While a Pap smear had been performed by Mr. Cook on April 20, 2015, Mr. Cook failed to order and/or perform a repeat Pap examination at this appointment, and was obligated to do so, in light of the patient's continuing complaints of irregular bleeding and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20th.

37. On December 12, 2015, Ms. Banks was also seen once again by Ms. Elliott at Unity Health, whom she had previously advised regarding her complaints of abnormal vaginal bleeding in May of 2014. This same complaint was voiced to Ms. Elliott at this visit. While a Pap smear had been performed on April 20, 2015, Ms. Elliott failed to perform a repeat Pap examination at this appointment, and was obligated to do so, in light of the patient's continuing complaints of vaginal bleeding and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20th.

38. On February 20, 2016, Christina L. Allen, NP ("Ms. Allen") cared for Ms. Banks, and she had previously advised providers at Unity Health of complaints regarding vaginal bleeding. While a Pap smear had been performed on April 20, 2015, Ms. Allen failed to order and/or perform a repeat Pap examination at this appointment, and was obligated to do so, in light

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

of the patient's continuing vaginal complaints and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20th.

39. On February 24, 2016, Ms. Banks presented to Unity Health for a specialist appointment with Brandi C. Jones, D.O. ("Dr. Jones") with complaints of prolonged vaginal bleeding, which she had previously advised providers at Unity Health Care. Dr. Jones attributed her prolonged bleeding to the Depo Provera shot and instructed the patient to follow up as needed. While a Pap smear had been performed on April 20, 2015, Dr. Jones failed to order and/or perform a repeat Pap examination at this appointment, and was obligated to do so, in light of the patient's continuing vaginal complaints and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20th.

40. On March 19, 2016, April Walker, MD ("Dr. Walker") cared for Ms. Banks, and she had previously advised providers at Unity Health of complaints regarding vaginal bleeding. This complaint was also voiced to Dr. Walker at this appointment. While a Pap smear had been performed on April 20, 2015, Dr. Walker failed to order and/or perform a repeat Pap examination at this appointment, and was obligated to do so, in light of the patient's continuing vaginal complaints and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20th.

41. On May 23, 2016, Ms. Banks presented to Unity Health and saw Mr. Cook once again with complaints of vaginal bleeding. In spite of Ms. Banks' complaints, Mr. Cook failed to perform a Pap examination at this appointment, and was obligated to do so, in light of the patient's continuing vaginal complaints and the pathologist's interpretation that endocervical cells were not present in the sample tissue of April 20, 2015.

42. On July 9, 2016, Ms. Banks was seen again by Ms. Allen with vaginal complaints, including irregular vaginal bleeding. Ms. Allen failed to perform a Pap smear during this visit once

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{427247.DOCX}                8

again, despite Ms. Banks' continuing vaginal complaints and the fact that she had previously advised providers at Unity Health regarding her vaginal bleeding, including Ms. Allen.

43. Ms. Banks presented once again to Unity Health on July 26, 2016 following discharge from the emergency department where she was seen for complaints of pelvic pain, bleeding and vaginal discharge, and was seen by Mr. Cook. During this visit, Mr. Cook noted that Ms. Banks had a "history of abnormal uterine bleeding," ordered a CBC with diff and a pelvic ultrasound and referred her to a gynecologist for further follow up care.

44. On September 21, 2016, Ms. Banks presented to George Washington University Medical Faculty Associates ("GWMFA") for care and treatment related to abnormal uterine bleeding x one (1) year. Her physical exam revealed a L 3 cm bartholin cyst. At this visit, a transvaginal ultrasound and labs were ordered and the patient was instructed to follow up in three (3) weeks.

45. On October 14, 2016, Ms. Banks underwent a transvaginal ultrasound which revealed a small amount of free fluid in the pelvis, but was otherwise normal.

46. On December 27, 2016, Ms. Banks was seen again by Ms. Schroeter at Unity Health Care with vaginal complaints, including abnormal discharge. Ms. Schroeter once again failed to perform a Pap smear during this visit, despite Ms. Banks' continuing vaginal complaints and the fact that she had previously advised providers at Unity Health regarding her vaginal bleeding. Rather, Ms. Schroeter instructed Ms. Banks to follow up as needed.

47. Ms. Banks continued to follow up at Unity Health with complaints of abnormal uterine bleeding during the calendar year of 2017. On February 11, 2017, Ms. Banks presented to Unity Health with vaginal complaints. Despite the fact that Ms. Banks had not had a Pap smear since April of 2015, which should be performed on an annual basis, Mr. Cook failed to perform a Pap smear during this visit to investigate the cause of Ms. Banks' continuing vaginal complaints.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

48. Ms. Banks saw Ms. Schroeter once again on February 14, 2017 at Unity Health with vaginal complaints. Despite the fact that Ms. Banks had not had a Pap smear since April of 2015, which should be performed on an annual basis, Ms. Schroeter failed to perform a Pap smear in order to investigate the cause of Ms. Banks' continuing vaginal complaints.

49. On May 1, 2017, Ms. Banks saw Ms. Schroeter again at Unity Health with complaints of abnormal vaginal bleeding. Following her physical examination, Ms. Banks was assessed with chronic cervicitis and acute vaginitis and was instructed to follow up with a gynecologist, which she scheduled for May 11, 2017.

50. On May 11, 2017, Ms. Banks saw Jocelyn Wertz, M.D. ("Dr. Wertz") at Unity Health with complaints of abnormal uterine bleeding times two (2) years. During her physical exam, Dr. Wertz noted a "large and very friable ectropion vs. endocervical polyp," with "questionable irregularity at 12 o'clock with ectropion vs. inflammation extending over anterior surface of cervix." A Pap smear was performed at this visit to evaluate abnormal pathology and screen for cervical cancer. The pathology report revealed epithelial cell abnormality and atypical glandular cells of undetermined significance.

51. On May 31, 2017, Ms. Banks presented to Unity Health for colposcopy and endometrial biopsy with Dr. Wertz. During the colposcopy, Dr. Wertz noted a large friable mass protruding from the cervical os.

52. On June 13, 2017, Ms. Banks was seen at GWMFA. According to the medical record of June 13th, Ms. Banks was diagnosed with Stage 1B1 squamous cervical carcinoma and discussed treatment strategies at that time with her physician, pending results of her pelvic MRI and PET scan.

53. On June 23, 2017, Ms. Banks underwent a pelvic MRI with and without contrast which revealed a "cervical mass corresponding to known cervical cancer" and "metastatic left

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

inguinal lymph nodes," at which time she was referred for a PET examination which also occurred on June 23rd and revealed hypermetabolic focus at cervix consistent with Ms. Banks' primary malignancy and left inguinal nodes consistent with metastatic disease.

54. On June 29, 2017, Ms. Banks presented to GWMFA for further follow up care with Micael Lopez-Acevedo, M.D. ("Dr. Lopez-Acevedo") related to her cancer treatment. As reflected in his note, Dr. Lopez-Acevedo recommended proceeding with external radiation with concurrent weekly cisplatin followed by brachytherapy due to the advanced stage of her cervical cancer.

55. From July 18, 2017 through August 15, 2017, Ms. Banks underwent five (5) cycles of chemoradiation therapy, in addition to Brachytherapy treatment which ended on September 11, 2017 at GWMFA to treat her advanced stage cervical cancer.

56. Ms. Banks continued to follow up with Dr. Lopez-Acevedo at GWMFA and unfortunately, presented to George Washington University Hospital on several occasions due to complications related to undergoing chemoradiation and Brachytherapy treatment. Fortunately, Ms. Banks is currently in remission, but has experienced and continues to experience significant physical and emotional pain and suffering as a result of being untimely diagnosed and treated for advanced stage cervical cancer.

## Medical Negligence

57. Plaintiff Yvonne Banks incorporates paragraphs 1 through 56 as referenced in her Complaint.

58. The medical personnel at Unity Health, including but not limited to Amy Morgan, D.O., Amanda Bradley Johnson, NP, Elizabeth Gates, M.D., Irelene Keller-Hinkson, M.D., Anne Squires, FNP, Malcolm Cook, NP, Ayana M. Elliott, NP, Johan Lundebye, M.D., Tracey Henry, M.D., Christina L. Allen, NP, Brandi C. Jones, D.O. and April Walker, M.D. and other health care

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

providers at Unity Health were agents and/or employees of Defendant operating within the scope of their employment when they rendered care and treatment to Yvonne Banks.

59. The medical personnel at Unity Health, including but not limited to Amy Morgan, D.O., Amanda Bradley Johnson, NP, Elizabeth Gates, M.D., Irelene Keller-Hinkson, M.D., Anne Squires, FNP, Malcolm Cook, NP, Ayana M. Elliott, NP, Johan Lundebye, M.D., Tracey Henry, M.D., Christina L. Allen, NP, Brandi C. Jones, D.O. and April Walker, M.D. and other health care providers at Unity Health, had a duty to provide that degree of care and skill exercised by a reasonable prudent Health Care Provider in the same or similar circumstances during their treatment of Yvonne Banks.

60. The treatment rendered to Yvonne Banks by medical personnel at Unity Health, including but not limited to Amy Morgan, D.O., Amanda Bradley Johnson, NP, Elizabeth Gates, M.D., Irelene Keller-Hinkson, M.D., Anne Squires, FNP, Malcolm Cook, NP, Ayana M. Elliott, NP, Johan Lundebye, M.D., Tracey Henry, M.D., Christina L. Allen, NP, Brandi C. Jones, D.O. and April Walker, M.D. and other health care providers at Unity Health, breached the standard of care and were negligent by:

- failing to render appropriate medical and gynecological care to Ms. Banks while she was a patient at Unity Health;
- failing to properly evaluate Ms. Banks' vaginal complaints, including vaginal bleeding while she was a patient at Unity Health;
- failing to perform a proper and complete gynecological examination which would have included a Pap smear to investigate the source of Ms. Banks' ongoing complaints of vaginal bleeding;
- failing to order and/or perform a repeat Pap smear following the Pap examination on April 20, 2015, which according to the pathologist's report,

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

excluded endocervical cells in the sample tissue of April 20th which would have aided in the diagnosis of cervical cancer;

- failing to timely respond to Ms. Banks' ongoing complaints of vaginal bleeding; and

- by otherwise failing to meet the standard of care in its care and treatment of Ms. Banks.

61. That as a proximate result of the negligent treatment rendered to Ms. Banks by employees, agents and/or representatives of the Defendant, Ms. Banks was untimely diagnosed with advanced stage cervical cancer and was caused to sustain significant and permanent injuries, including but not limited to, undergoing several cycles of chemoradiation therapy, brachytherapy and otherwise suffered extreme physical pain and emotional distress, particularly in light of the fact that Ms. Banks will never be able to bear children due to the extensive treatment she was forced to endure as a result of her cancer.

62. That as a further direct and proximate result of the negligence of Defendant and its agents, servants and employees previously identified, the Plaintiff's life expectancy has been reduced which has in the past and will in the future cause her to suffer from severe anxiety and emotional pain and suffering and a loss of income.

63. That as a further direct and proximate result of the negligence of Defendant and its agents, servants and employees previously identified, Plaintiff has been caused to incur in the past and will in the future incur significant monetary expenses, including but not limited to, past and future medical expenses, loss of wages and general out of pocket expenses.

**WHEREFORE**, Plaintiff Yvonne Banks, demands judgment against Defendant United States of America for damages in the amount of ten million dollars ($10,000,000.00), plus costs and interest and such other relief as may be just and proper.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{427247.DOCX}                                13

          Respectfully submitted,

          **MEYERS, RODBELL & ROSENBAUM, P.A.**

By: *Gina Smith* /ps

          Gina Smith, Esq. #449353
          Gsmith@mrrlaw.net
          6801 Kenilworth Avenue
          Suite 400
          Riverdale Park, Maryland 20737
          (301) 699-5800
          *Attorney for Plaintiff Yvonne Banks*

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{427247.DOCX}

14